IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-0785-RPM

PUBLIC SERVICE COMPANY OF COLORADO,
d/b/a XCEL ENERGY

  Plaintiff,

v.

SCHRADER OIL COMPANY, a Colorado corporation,
SCHRADER LAND COMPANY, LLLP, a Colorado partnership and
WAYNE K. SCHRADER

  Defendants/Third-Party Plaintiffs,

v.

THE CITY OF FORT COLLINS, COLORADO, a municipal corporation, and
CANADIANOXY OFFSHORE PRODUCTION COMPANY, INC., a Delaware corporation

  Third-Party Defendants.
_____

ORDER GRANTING JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT
_____

  Schrader Oil Company, Schrader Land Company, LLLP, and Wayne K. Schrader (collectively, "Schraders") own real property within and outside the boundaries of an area designated by the Environmental Protection Agency ("EPA") as the Poudre River Site in Fort Collins, Colorado (the "Site"). That site designation was made to address contamination of the Poudre River by a coal tar plume originating from an area that had been the location of a manufactured gas plant that began operating in 1905 and was dismantled in the 1950s. The gas plant property is part of the Schraders' property. It is upgradient from the river. In this civil action brought by Public Service Company of Colorado ("PSCo."), a successor to the entity that

originally operated the gas plant, the primary question is whether the Schraders are responsible for response costs of PSCo. in complying with an Administrative Order on Consent ("AOC") entered into in November, 2004 by PSCo., Schrader Oil and the City of Fort Collins with the EPA under sections 104, 106(a), 107 and 122 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA").

The emphasis in the November AOC is on the protection of the river from migrating chemical substances, including those that may come from a landfill underneath Fort Collins property now used as a park and community center.  PSCo. contends that the coal tar and associated contaminants in the former gas plant property were stabilized there until releases of petroleum products from Schrader property used for storage and distribution of petroleum products caused migration down gradient through the Fort Collins property and into the river.

In addition to disputing PSCo.'s contentions, the Schraders filed a counterclaim against PSCo. and a third-party complaint against Fort Collins, alleging that hazardous substances remain under the Schrader property within the Site and neighboring properties, presenting an imminent and substantial endangerment to public health and to the environment requiring remediation.  The Schraders are proceeding under the citizens suit provision of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B).

PSCo. and Fort Collins have moved for summary judgment of dismissal of this RCRA claim, asserting that it is barred by section 6972(b)(2)(B)(iv) because the November AOC is an administrative order issued to restrain or abate the actions or conditions which may have contributed or are contributing to the activities which may present the alleged endangerment.  The Schraders deny the applicability of this statutory bar and assert that the November AOC was not

intended to remedy the threat presented by the hazardous substances that remain under their property. Accordingly, the Schraders ask this court to order remediation of that property. This issue is resolved by reviewing the language of the subject AOC.

The November AOC states that it:

> provides for the performance of a removal action by PSCo, the recordation of specific restrictive covenants by the Respondents and the reimbursement of certain response costs incurred by the United States at or in connection with the property located in the vicinity of the Poudre River and the Aztlan Center in Fort Collins, Colorado (the "Poudre River Site" or the "Site") by PSCo and Schrader [Oil].

(Exhibit 1, p. 3, to PSCo. and Fort Collins' joint motion.) The "Respondents" are PSCo., Schrader Oil and Fort Collins.

"Site" is defined as "the Poudre River Superfund Site, located in the vicinity of the Poudre River and the Aztlan Center in Fort Collins, Colorado. . . . Specifically, the Site shall include all areas having been affected, currently affected or to be affected in the future by the non-aqueous phase liquid ("NAPL") plume." (Exhibit 1, p. 6.)

The November AOC's factual support for the removal action agreed upon by the Respondents[1] includes: 1) In the early 1900s, the Poudre Valley Gas Company produced gas within the Site boundaries and to the southwest of the Poudre River, PSCo. is the successor to the Poudre Valley Gas Company, and the property on which the gasification plant was located is currently owned by Schrader Oil and PSCo.; 2) Fort Collins owns property between the gas plant

---

[1]Although the Respondents retained the right to controvert in any subsequent proceedings, other than proceedings to implement or enforce the November AOC, the findings of fact, conclusions of law, and determinations in Sections IV (Findings of Fact) and V (Conclusions of Law and Determinations), that is of no moment as to the determination of the considerations made and scope of the remedy selected by the EPA as reflected in the November [AOC]. (Exhibit 1, p. 3.)

property and the Poudre River, a portion of which was used in the past for a landfill, and the Aztlan Community Center and United Way Building are now located on top of the old landfill; and 3) an investigation of the Site revealed a plume of NAPL and free product is present on the Schrader property and under the parking lot of the Aztlan Center.  The NAPL plume extends to the Poudre River and NAPL has been observed in the Poudre River.  (Exhibit 1, pp. 7-8.)

The November AOC concludes that hazardous substances are found at the Site, PSCo. and Schrader Oil are current owners of property on the Site, the conditions at the Site constitute an actual or threatened release of a hazardous substance, and the release of hazardous substances at the Site, if unaddressed, may present an imminent and substantial endangerment to human health and the environment.  (Exhibit 1, pp. 8-9.)

Based on the findings and conclusions recited in the November AOC, PSCo., Schrader Oil and Fort Collins were ordered to comply with the November AOC, including all attachments and documents incorporated by reference.  (Exhibit 1, p. 9.)   Although PSCo. and Schrader Oil are jointly and severally liable for carrying out all activities required of them under the November AOC, PSCo. was obligated in the first instance to perform the work required.  (Exhibit 1, p. 4.)

Among other provisions in the November 2004, the Respondents PSCo., Schrader Oil and Fort Collins are ordered to "take all reasonable steps and due care to stop any continuing release and prevent any future release of hazardous substances within the NAPL plume area and to prevent or limit human, environmental or natural resource exposure to the hazardous substances released from their property." (Exhibit 1, p. 38.)  The reasonable steps are set forth in Appendix G which requires an owner of property within the coal tar plume at the Poudre River Site to minimize subsurface excavations; monitor for NAPL in areas where the owner is performing work

during any excavation; protect third-parties, bystanders and building occupants; prevent preferential pathways that may be created by underground work; and properly dispose of contaminated materials that must be removed from the excavation in order to implement work to be performed.

The Respondents are also ordered to implement institutional controls on property they own within the Site. Each of the Respondents is required to execute and record a restrictive covenant which runs with the land, as set forth in Appendix H to the November AOC, and to assist in obtaining the participation of other property owners within the Site to implement and comply with institutional controls. The Schraders have implemented institutional controls and executed and recorded a copy of Appendix H, Covenant to Restrict Use of Property.

That Covenant provides the Schraders are owners of property and that pursuant to the November AOC, the property "is the subject of a removal action or is adjacent to property that is the subject of a removal action." The purpose of the Covenant is "to maintain the integrity of the remediation required by the AOC and ensure protection of human health and the environment by restricting surface disturbance and groundwater use within the plume of contamination delineated by EPA." The Covenant subjects the Schraders' property to environmental use restrictions such as limiting the removal of groundwater underlying the property, limiting underground work under the property, minimizing activities on the property which disturb the soil or subsurface, and restricting uses or activities which would interfere with work performed under the November AOC. (PSCo. and Fort Collins' Exhibit C.)

The November AOC does address the contamination of the Schrader property by relying on the institutional controls to protect the public and the environment. In effect, the EPA has determined that leaving those substances in place and undisturbed by any activities prohibited by the institutional controls is adequate protection.

This court has no jurisdiction to review that determination or to evaluate the adequacy of the remedies mandated by the November 2004 AOC. Under 42 U.S.C. § 9613(h) of CERCLA, with exceptions not applicable here, no Federal court has jurisdiction to review any challenges to a removal or remedial action selected under CERCLA § 104 or to review any order issued under CERCLA § 106(a). The Schraders' request for additional or other remedies different from that selected by the EPA challenges the actions ordered under the November AOC. *Broward Gardens Tenants Ass'n v. U.S. Environmental Protection Agency,* 311 F.3d 1066 (11th Cir. 2002). Accordingly, the Schraders' RCRA claims are barred by § 113(h) of CERCLA.

It is therefore

ORDERED that PSCo. and Fort Collins' Joint Motion for Partial Summary Judgment of dismissal is granted and the Schraders' RCRA counterclaim against PSCo. and RCRA third-party claim against the City of Fort Collins are dismissed.

DATED:   October 10th , 2007

                            BY THE COURT:

                            s/ Richard P. Matsch
                            _____
                            Richard P. Matsch, Senior District Judge